# Kenworthy's Estate (No. 1).

*Wills—Legacies—General and specific legacies—Deficiency of assets—Abatement.*

1. Testatrix directed. in the ninth paragraph of her will that all the money she had in bank, or in a trust company named, should be divided among her nieces and nephews and one- other person in equal proportions. She gave the residue of her estate to her two sisters. By a codicil she directed that in the ninth paragraph of her will should be added the name of a daughter of a nephew "so that she will participate in the division· of the money equally with the other legatees therein mentioned." In the same paragraph of the codicil she gave $500 to each of two other persons. There was a deficiency of assets. *Held,* (1) that the pecuniary legacies to the two persons mentioned in the codicil were general and not specific legacies, and (2) that the money in bank was distributable as a specific legacy among the legatees named in the ninth paragraph of the will as amended by the codicil, and that such fund could not be charged with the payment of the general pecuniary legacies of $500 each to the two persons named in the codicil.

2. In the distribution of the testator's estate the rule is that in case the assets, after payment of debts, are insufficient to answer the specific but not the general legacies, the latter are subject to a proportional abatement.

Argued Oct. 15, 1912. Appeal, No. 277, Oct. T., 1911, by Elizabeth Haywood, from decree of O. C. Phila. Co., Oct. T., 1910, No. 694, sustaining exceptions to adjudication in Estate of Sarah A. Kenworthy. Before RICE, P. J., HENDERSON. MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Exceptions to adjudication:
The facts are stated in the opinion of the Superior Court.

The auditing judge, ANDERSON, J., held, that the legacies to Mary Wine and Elizabeth Haywood did not abate because of deficiency of assets, but were payable out of the fund in the bank and trust company.

Exceptions to the adjudication were sustained by the court in an opinion by LAMORELLE, J.

*Error assigned* was in sustaining exceptions to adjudication.

*F. S. Cantrell, Jr.*, with him *F. S. Cantrell*, for appellants.—The rule of law that general legacies abate before specific legacies is based on the assumption that such was the intention of the testator. It is a perfectly well-known rule of law that where a clear intention to prefer a general legacy to a specific legacy appears in the will, the specific legacy will abate first: Murdoch's Appeal, 31 Pa. 47, and Bard's Estate, 58 Pa. 393. Where a testator has specifically bequeathed his entire estate and also given a general pecuniary legacy, it must be held that the testator intended to give to the beneficiary the legacy for which his will provided; and, as the only way that it could possibly be paid is by the proportional abatement of the specific legacies, that must be held to be intent of the testator: Sayer v. Sayer, Prec. Ch. 392; White v. Green, 36 N. C. 45; Biddle v. Carraway, 59 N. C. 95; Heath v. McLaughlin, 115 N. C. 398 (20 S. E. Repr. 519).

*G. Von Phul Jones*, for appellee.—Where the language of a will is clear and unambiguous, a doubt suggested by extrinsic evidence of the testator's circumstances at the time he wrote the will cannot be permitted to affect the construction of the will: Sponsler's App., 107 Pa. 95; Baker's App., 115 Pa. 590.

The recent decision of this court in Mifflin's Est., 49 Pa. Superior Ct. 605, seems to present almost the same question as the one now before the court.

OPINION BY HEAD, J., December 9, 1912:

The testatrix died December 21, 1909, having first executed her will dated May 10, 1907. The first eight paragraphs thereof are devoted to bequests to various persons of articles of jewelry, household furniture and the like. The ninth paragraph is as follows: "Ninth:— I order and direct that all the money I have in bank or in the Manayunk Trust Company shall be divided among my nieces and nephews and Mrs. James Weider, the elder, in equal proportions." The tenth paragraph directs the executor to make sale of the real estate belonging to the testatrix and provides for the disposition of the fund arising therefrom. The eleventh paragraph is a general devise and bequest to the two sisters of the testatrix of all the rest and residue of her estate, and the last paragraph appoints her executor.

There can be no doubt that the bequest given by the ninth paragraph was a specific one and the legatees therein named would take subject to all of the legal incidents which characterize specific legacies. In May, 1909, the testatrix executed a codicil, the material parts of which are as follows: "In the ninth paragraph of my said will I desire to add the name of Mary Eastwood, the daughter of my nephew, now residing in Netherstrong, Yorkshire, England, so that she will participate in the division of the money equally with the other legatees therein mentioned. I also bequeath unto Mary Wine, my maid, the sum of Five Hundred dollars and to Mrs. Elizabeth Haywood the sum of Five Hundred dollars."

It cannot be fairly questioned that the legal as well as the grammatical effect of the language first quoted was to open the class of specific legatees created by the ninth paragraph of the original will and admit to the said class an additional member, to wit, Mary Eastwood. The words used are clear, precise and apt, and unmistakably indicate that the testatrix intended to add one member, and one only, to the legatees originally named in the ninth paragraph. We are urged to so construe this codicil as

to declare its meaning to be that the testatrix intended, not only that Mary Eastwood should share with those already named the money in the bank or trust company, but also that Mary Wine and Elizabeth Haywood were to participate therein to the extent of the sums respectively given to them. Such a construction would first of all, we think, do violence to the language used by the testatrix which we have quoted. The accuracy with which she brought in the new legatee, who was clearly intended to share with those originally named, precludes the idea that she would have made it necessary to force the meaning of her words to introduce the two remaining legatees into that class had such been her intention. It is further to be observed that if such a construction were to be adopted, it might result in giving more, to each of the two persons named last in the codicil, than to those originally named in the ninth paragraph who were presumably the preferred objects of her bounty. We are unable to conclude therefore that Mary Wine and Elizabeth Haywood can be regarded as specific legatees under the ninth paragraph of the will as amended by the codicil and thereby entitled to share in the fund which was the subject of that paragraph.

It seems to us to be clear from the whole of the will and the codicil that the testatrix gave and intended to give to the two persons last above named general pecuniary legacies. The rule governing the distribution of estates as between specific and general legacies, in the event of a deficiency of assets to pay them all, is well established. It is thus stated in Waln's Est., 109 Pa. 479: "In the distribution of a testator's estate, the well-known general rule of the common law is, that, in case the assets, after payment of debts, are insufficient to answer the specific but not the general legacies, the latter are subject to a proportional abatement." There being, according to the adjudication in the present case, a deficiency of assets, the loss must be borne by the general legatees, and they cannot require that the specific legacies should abate

proportionately with them. This would plainly be the result of the application of the general rule above stated.

It cannot be denied there is a well-recognized exception to the general rule. When a testator has clearly and unequivocally manifested his intent that a general legacy is to be given a preference in whole or in part over what would be given to it by the law, all rules give way so that such intent may be effected. But where, as in the present case, it is sought to bring a general legacy within the exception rather than within the rule, we ought to be left in no doubt that in setting aside the operation of the rule we are clearly following the expressed intent of the testator. It was said by GIBSON, C. J., in Duncan v. Alt, 3 P. & W. 382: "A pecuniary legacy may undoubtedly be exempt from abatement, as in the case of a wife or child destitute of other provision, or of a legacy given in lieu of a dower, or of a preference manifestly intended. But these cases are few in number, dependent on peculiar circumstances, and attended with strong expressions of intention." It cannot, we think, be successfully contended that any language can be found in this will which would at all measure up to the standard thus laid down of what should be expected in order to save the pecuniary legacy from its ordinary liability to abate in case of insufficiency of assets.

But it is urged that it would have been useless for the testatrix to make these two pecuniary legacies when she had already given to other legatees all of her property by specific legacies, unless she intended the two last named to share in the fund covered by the ninth paragraph or that their legacies should be preferentially charged against that fund prior to its division among those to whom it was given. The argument seems to us to lack force. Of course, when the testatrix gave these legacies, assuming that she was sane, she expected them to be paid. But it does not at all follow that she contemplated their payment out of the fund in bank with the necessary result of depleting the sums she had already given to the first named objects of her bounty. The fact that she added a

residuary clause to her original will is some evidence, at least, that she was not then conscious that she had previously devised or bequeathed all of the property she then owned or might reasonably be expected to own at the period of her death.  She may have had, at that time, in her possession other funds or securities than those specifically bequeathed in her original will.  Being then in the receipt of a large income which would last as long as she lived, she may have contemplated the creation of other funds out of the surplus of that income to meet the additional legacies given in the codicil.  The mere fact that, upon her death and the adjudication of her estate, there was not found assets sufficient to pay these general legacies in the order of precedence assigned to them by the law, cannot be regarded as a satisfactory argument against the application of the general rule.  Were it otherwise, the rule would necessarily disappear and what is now the exception take its place, because the same argument could be made against the abatement of a general legacy in every instance.

We are constrained to think therefore that the learned orphans' court was correct in holding that the money in bank was distributable among the legatees named in the ninth paragraph of the will, as amended by the codicil, and that the fund which was the subject of that paragraph could not be charged with the payment of the general legacies in favor of Mary Wine and this appellant.

Decree affirmed.