# Wise et al. *v.* Rupp, Appellant.

*Wills—Construction—Perpetuities—Accumulations—Uncertainty—Act of April 18, 1853, P. L. 503—Act of May 26, 1891, P. L. 119—Care of cemetery lots.*

1. In the construction of a will, the courts are not permitted to supply what the testator has failed to indicate; and if, after every endeavor, the judicial expositor finds himself unable in regard to any material fact, to penetrate through the obscurity in which the testator had involved his intention, the failure of the intended disposition is the inevitable consequence.

2. Where a testator after directing his executors to sell certain real estate "in one to fifteen years" after his wife's death, gives "a dower of $300 on the same to run one hundred years......to be divided into three equal parts share and share alike to the nearest relatives," and further directs that certain other real estate "and the interest on the dower" should be used "for head and foot tombstones and the age to be cut on the stone whatever there [sic] age may be of the person that is buried thereon," the gift is void for uncertainty, and because it violates the rule against perpetuities, and offends against the statute forbidding accumulations.

3. The Act of May 26, 1891, P. L. 119, relating to bequests for the care of cemetery lots, does not apply to such a case, because testator did not provide for "the maintenance or care" of anything. This construction is confirmed by the fact that testator, in a codicil, bequeathed a sum for the care of his own burial lot.

Argued February 1, 1921. Appeal, No. 307, Jan. T., 1921, by defendant, from judgment of C. P. Lehigh Co., June T., 1920, No. 127, for plaintiff on case stated, in suit of Ira Wise, Guy Wise and Charles C. Kaiser, trustee for children of Asa Wise, under will of James Wise, deceased, v. Helen E. Rupp. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON and SCHAFFER, JJ. Affirmed.

Case-stated to determine marketability of real estate. Before HENNINGER, J.

The opinion of the Supreme Court states the facts.

The court entered judgment for plaintiffs on case-stated. Defendant appealed.

*Error assigned* was above judgment, quoting it.

*James F. Henninger,* for appellant, cited: Nauman v. Weidman, 182 Pa. 263; Smith's Est., 181 Pa. 109.

*Reuben J. Butz,* of *Butz & Rupp,* with him *Malcolm W. Gross,* for appellees, cited: Pickering v. Shotwell, 10 Pa. 23; Domestic & Foreign Missionary Society's App., 30 Pa. 425; Croxall's Est., 162 Pa. 579; Kinike's Est., 155 Pa. 101.

OPINION BY MR. JUSTICE SCHAFFER, February 21, 1921:

The parties to this action, brought to determine the validity of title to real estate, agreed upon a case-stated, from which we learn that the question to be decided depends upon a determination as to whether or not the hereinafter quoted clause of the will of James Wise is valid. He was evidently the draftsman of his own testament, and certainly did not carry into it either clarity of expression or continuity of thought.

The part of the will to be construed is thus expressed: "I further order and direct that in one year to fifteen years after the death of my wife hereinafter named executors shall sell either at public sale or private sale and for the best price that can be obtained for the same sell my following named real estate to wit property No. 533 Union Street and give a dower of three hundred dollars on the same and the said dower to run one hundred years and when the hundred years are up it is to be divided into three equal parts share and share alike to the nearest relatives and the property at Sixth and Union Street and the property in Pottstown, Montgomery County Pennsylvania and the interest on the dower to be used for head and foot tombstones and the age to be cut on the stone whatever there age may be of the person that is buried thereon."

This provision of the will is void for uncertainty and because it violates the rule against perpetuities and offends against the statute forbidding accumulations.

Whatever it is that is attempted to be given by the obscure language used, its vesting is postponed for one hundred years; this violates the rule against perpetuities. "Where the testator fails to avail himself of lives in being, and adopts a term of years, without reference to any life in being, the term cannot extend beyond twenty-one years from his death. 'If an absolute term is taken, and no anterior term for a life in being is referred to, such absolute term cannot be longer than twenty-one years': Perry on Trusts 349": Johnston's Est., 185 Pa. 179.

The statute forbidding accumulations provides (Act of April 18, 1853, P. L. 503, section 9, p. 507), "That no person......shall......by any.......will........settle or dispose of any real or personal property, so......that the rents, issues, interest or profits thereof, shall be wholly or partially accumulated for any longer term than the life or lives of any such......testator and the term of twenty-one years from the death of any such......testator, that is to say, only after such decease during the minority or respective minorities with allowance for the period of gestation of any person or persons, who, under the uses or trusts of the......will......directing such accumulation, would, for the time being, if of full age, be entitled unto the rents, issues, interests, and profits so directed to accumulate, and in every case where any accumulation shall be directed otherwise than as aforesaid, such direction shall be null and void in so far as it shall exceed the limits of this act, and the rents, issues, interests, and profits so directed to be accumulated contrary to the provisions of this act, shall go to and be received by such person or persons as would have been entitled thereto if such accumulation had not been directed." This is the controlling statute, with a proviso saving bequests and devises for literary, scientific, charitable or religious purposes, which has no relevancy here; for, so far as can be ascertained from the will, the money to be accumulated is to be used "for head and foot tomb-

stones and the age is to be cut on the stone whatever there age may be of the person that is buried thereon." It follows that the testamentary provision now before us violates the act just quoted, which, as shown, forbids trusts for accumulation, under such circumstances, for a term longer than twenty-one years after the death of testator.

It is suggested that the devise is good under the Act of May 26, 1891, P. L. 119, which provides: "That no disposition of property hereafter made for the maintenance or care of any cemetery, churchyard or other place for the burial of the dead or of any portion thereof, or grave therein, or monuments or other erections on or about the same, shall fail by reason of such disposition having been made in perpetuity but said disposition shall be held to be made for a charitable use." The present devise, however, whatever testator intended to accomplish by the language he used, does not provide for "the maintenance or care" of anything; and that this was not intended is made manifest by the fact that, by a codicil to his will, he specifically bequeaths a sum of money, the interest on which is to be paid to the cemetery association for the maintenance of his burial lot.

Moreover, the provision of the will we have been considering is so vague and indefinite that nothing certain can be predicated upon it. What is to become of the proceeds of the property he directs to be sold, cannot be answered from the language of the will; just what he meant by the word "dower," in the way in which it is used, can only be conjectured; how the properties at Sixth and Union streets and in Pottstown are "to be used for head and foot tombstones" is impossible of determination; what person is to be buried under the tombstones and where the burial is to be made is not disclosed. The courts are not permitted to supply what the testator has failed to indicate; and if, after every endeavor, the judicial expositor "finds himself unable, in regard to any material fact, to penetrate through the

obscurity in which the testator has involved his intention, the failure of the intended disposition is the inevitable consequence": 1 Jarman on Wills 453.

The court below correctly determined that the portion of the will we have been considering was void, that the real estate, described in the case-stated, did not pass under it, but became vested in plaintiffs, and hence a deed from them will convey a good and marketable title.

The judgment is affirmed.