## Moore *v.* Gilbert, Appellant.

*Wills—Construction—Life estate—Remainderman—Fee simple title—Legacies—Specific legacies—Power of sale—Conversion.*

1. Where a tenant of real estate for life, through a lapse of a devise, becomes, by the terms of a will, also the remainderman, she may convey an estate in fee simple.

2. Where a power of sale of real estate in a will is for a specific purpose, and such purpose fails, there is no conversion of the real estate.

3. A devise of specified real estate, is a specific legacy, and does not prorate with general legacies, or abate because of lack of assets to pay them.

4. Where real or personal property is devised or given to be sold, and the proceeds are to be paid to a certain named person or persons, the legacy is specific.

5. Where testator devises specified real estate to his wife for life, and directs that, after her death, it shall be sold and the proceeds paid over to a charity, and also directs that if any gift or devise lapses, the wife shall take such lapsed gift or devise ab-

solutely, and the gift to the charity lapses because of testator's
death within thirty days of the execution of the will, the wife takes
a fee in the real estate, and can make an absolute deed therefor.

Argued May 11, 1926.   Before MOSCHZISKER, C. J.,
FRAZER, WALLING, SIMPSON, KEPHART, SADLER and
SCHAFFER, JJ.

Appeal, No. 118, Jan. T., 1926, by defendant, from
judgment of C. P. Lancaster Co., May T., 1925, No. 53,
for plaintiff on case stated in suit of Ella L. Moore v.
Edwin M. Gilbert.   Affirmed.

Case stated to determine title to real estate.   Before
HASSLER, J.

The opinion of the Supreme Court states the facts.

Judgment for plaintiff.   Defendant appealed.

*Error assigned* was judgment, quoting it.

*Edwin M. Gilbert,* for appellant, cited:  Wareman's
Est., 26 Pa. Dist. R. 827; Hartgrave's Est., 28 Pa. Dist.
R. 44; Palethorp's Est., 249 Pa. 389; Shaarai Shomayim
v. Moss, 22 Pa. Superior Ct. 356.

*C. E. Charles,* for appellee, cited:  Luffberry's App.,
125 Pa. 513; Muderspaugh's Est., 231 Pa. 376; Patter-
son v. Reed, 260 Pa. 319; Conley's Est., 197 Pa. 291;
Arnold's Est., 249 Pa. 348; McMahon's Est., 132 Pa.
175; Moore's Est., 6 Pa. Dist. R. 245; Kenworthy's Est.,
52 Pa. Superior Ct. 152.

OPINION BY MR. JUSTICE WALLING, June 26, 1926:

This is a case stated to determine plaintiff's ability to
convey a good title to a house and lot, known as No. 18
Marshall Street, Lancaster.   Harry H. Moore died tes-
tate on September 20, 1921, and his last will provides,
inter alia: "Third: I give and bequeath to my wife,
Ella L. Moore [the plaintiff], for and during the term

of her natural life, my said residence No. 18 North Marshall street, with the lot or piece of land appurtenant thereto......Fifth: Upon the decease of my said wife, Ella L. Moore, I direct my surviving executors or executor to sell my said residence No. 18 North Marshall Street, at either public or private sale, and to execute a good and valid deed therefor to the purchaser thereof, and the net proceeds of said property I give and bequeath to The Peoples Trust Company, of Lancaster, Pa., in trust for The Lancaster General Hospital, said proceeds to be safely invested by said Trust Company, and the net annual income used toward the equipping and maintenance of a room in said hospital for the care of physicians from the city and county of Lancaster who may, from time to time, require such care and treatment." Followed by separate bequests to assist in the care and maintenance of four local cemeteries. The will contains a further provision: "Eighth: In the event that any of the legacies or devises herein contained shall lapse, or for any reason become void or be declared illegal, then I give, bequeath and devise such lapsed or void legacies or devises absolutely to my wife, Ella L. Moore." She elected to take under the will which was made August 23, 1921, and, being less than thirty days prior to the testator's death, the bequest to the hospital, a charity, was void (see section 6 of the Wills Act of June 7, 1917, P. L. 403, 406); hence, under clause eight of the will, above quoted, the gift to the hospital vested in the widow an absolute title to the house and lot as a specific bequest, subject to her life estate under the third clause. Treating the property as real estate and herself as the owner, Mrs. Moore entered into a contract in writing to convey the same to the defendant, but the latter, being in doubt as to the title, refused to consummate the purchase, and, from judgment entered against him in the lower court for the contract price, brought this appeal.

Appellant's doubt as to the title is not well founded. The life estate and the remainder, being owned by Mrs.

Moore, vested in her an estate in fee, which she could convey at will: Patterson et al. v. Reed, 260 Pa. 319; Arnold's Est., 249 Pa. 348; Moore v. Deyo, 212 Pa. 102. By the failure of the gift to the hospital, the trust created to support it fell (Conley's Est., 197 Pa. 291) and the power of sale in the fifth clause, being for a special purpose which failed, did not effect a conversion of the property, but left the title in the widow as real estate (Muderspaugh's Est., 231 Pa. 376; Luffberry's App., 125 Pa. 513. The gift to the hospital, being of certain specified property, was a specific legacy which passed to plaintiff as such, and did not prorate with general legacies, or abate because of lack of assets to pay them: Kenworthy's Est. (No. 1), 52 Pa. Superior Ct. 152. As the gifts to the cemeteries were general, the lack of assets to pay them had no effect on the specific legacy of the house and lot, or its proceeds: McMahon's Est., 132 Pa. 175. The direction in the will for the sale of the property and gift of the proceeds to the hospital, had it been effective, would not have changed the character of the bequest, for, "Where real or personal property is devised or given to be sold, and the proceeds are to be paid to a certain named person or persons, the legacy is specific": 28 R. C. L. p. 290. As to whether the gifts to the cemeteries were for a charitable use within the thirty-day provision of the statute above-mentioned, we express no opinion.

The judgment is affirmed.