## Torchiana's Estate.

*Wills—Construction — Specific legacies—General legacies—Devise—Deficiency of assets—Extrinsic evidence.*

1. Where the language of a will is not ambiguous, it is unnecessary to resort to extrinsic evidence.

2. Testator's meaning when apparent cannot be disregarded, nor can it be gotten at aliunde.

3. In ascertaining the intent of testator, the court should, if possible, harmonize the various parts so as to give effect to the whole will.

4. Where testatrix gives specific pecuniary legacies to a son and a servant, and then directs her house to be sold and the proceeds thereof held in trust for grandchildren, and thereafter directs that her "effects can be divided among [her] heirs or sold and the proceeds used as above," and it appears that she had no property except her house at the time of the making of her will and at her death, the legacies to the son and the servant are entitled to be paid first out of the proceeds of the sale of the house.

5. In such case, the final direction as to the division or sale of effects indicated that testatrix meant that the general proceeds of the property from real and personal estate were to be used as a whole, the latter were to be added to the former and "used as above," and, so used, that the son and servant were to get their legacies, and the balance of all proceeds was to go to the grandchildren.

6. Ordinarily where there is a direction in a will to sell property and give the proceeds to a designated person, the gift of the proceeds is a specific legacy, and general legacies must abate proportionately in its favor.

Argued January 10, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 102, January T., 1927, by Paul J. Torchiana and Ellen Predo, legatees, from decree of O. C. Delaware Co., December T., 1926, No. 12, dismissing exceptions to adjudication, in estate of Anne A. Torchiana, deceased. Reversed.

Exceptions to adjudication. Before HANNUM, P. J.

The opinion of the Supreme Court states the facts.

Exceptions dismissed. Paul J. Torchiana and Ellen Predo, legatees, appealed.

*Error assigned,* inter alia, was decree, quoting record.

*L. Stauffer Oliver,* for appellants.—The ruling of the lower court was erroneous since it completely defeated the real intention of testatrix; full effect may be given to that intention upon well established principles of construction: Mifflin's Est., 49 Pa. Superior Ct. 605; McKee's Est., 82 Pa. Superior Ct. 407; Doyle's Est., 28 Pa. Superior Ct. 579.

In the case at bar, if the words "subject to the foregoing legacies" be read into the fourth item of the will, the whole instrument can be given effect: Holland's Est., 13 Phila. 206; Ammon's Est., 269 Pa. 159; Fichthorn v. Fichthorn, 45 Pa. Superior Ct. 52; Patterson v. Swallow, 44 Pa. 487.

The will is to be interpreted in light of circumstances attending testatrix when it was made: Frisbie's Est., 266 Pa. 574; Neely's Est., 288 Pa. 130; Peterson's Est., 242 Pa. 330; Shaffer's Est., 262 Pa. 15; Herrmann's Est., 220 Pa. 52; Brooklyn Trust Co. v. Warrington, 277 Pa. 204; Wood's Est., 267 Pa. 462; Mayer's Est., 289 Pa. 407; Gilmor's Est., 154 Pa. 523.

The will is to be construed as a whole and effect given to all parts; absurdity to be avoided: Johnson's App., 12 S. & R. 317; Zimmerman's Est., 23 Pa. Superior Ct. 130; Babcock's Est., 18 Pa. Dist. R. 453.

The nearest heir is to be favored: Dunlap's App., 116 Pa. 500; Varner's App., 87 Pa. 422; Nebinger's Est., 185 Pa. 399; Penrose's App., 102 Pa. 448; Watson v. Smith, 210 Pa. 190.

*R. M. Remick,* with him *Thomas P. Mikell* and *Maurice Bower Saul,* for appellee.—The rule governing distribution of estates as between specific and general legacies, in the event of a deficiency of assets to pay them all, is well established: Waln's Est., 109 Pa. 479; Moore v. Gilbert, 287 Pa. 102.

The language in the will being unambiguous, extrinsic evidence is not competent to prove that the testatrix did not intend the general legacies to abate in favor of these specific legacies and that the clear expressions in her will are not to govern the distribution of her property: Woelpper's App., 126 Pa. 562; Wheeler's App., 115 Pa. 590; Sponsler's App., 107 Pa. 95; Rouser's Est., 8 Pa. Superior Ct. 188; Frisbie's Est., 266 Pa. 574.

Appellant contends that the fourth item in the will which is the item granting the proceeds of the sale of the piece of real estate on Cornell Avenue to the testatrix's three grandchildren should be construed as a residuary clause and should therefore be paid subsequent to the legacies to Paul Torchiana and Ellen Predo. There is certainly nothing to be gathered from the language of that item in the will which would lead one to suppose that it was intended as a residuary clause and there is nothing therein which would give it the effect of a residuary clause under any known theory: Ludwick's Est., 269 Pa. 365; Hancock's App., 112 Pa. 532; Glenn v. Stewart, 265 Pa. 208; O'Neill's Est., 266 Pa. 9.

OPINION BY MR. JUSTICE KEPHART, January 30, 1928:

The will of testatrix, a woman of sixty-five, contained the following provisions: "First: To my granddaughter, I bequeath my diamond ring and all my china. Second: To Ellen, my faithful servant, I bequeath two thousand dollars ($2,000). Third: To my son, Paul, I bequeath five thousand dollars ($5,000). Fourth: As soon as possible after my death, I desire my house on Cornell Avenue to be sold, and after all debts are paid, the proceeds are to be invested in trust funds and divided equally among my three grandchildren, Frances, Jack and Donald, they receiving the income only until each has reached the age of thirty years, after which time the principal is available for each. Any future grandchildren are not provided for in this will. My furniture and effects can be divided among my heirs, or sold and the proceeds used as above."

At her death and when the will was written, the testatrix had no property except the house on Cornell Avenue, some few articles of furniture, a diamond ring and some wearing apparel, all of which were clearly insufficient to pay the two legacies mentioned in the second and third paragraph. The court below decided that the fourth paragraph of the will gave to the grandchildren, Frances, Jack and Donald, all of the net proceeds from the sale of the house, and, there being no other funds out of which payment could be made to the two legatees, these appellants were denied any share in the distribution of the estate.

Three questions are raised: (1.) Was the gift of the proceeds from the sale of the house a specific legacy, so that, in the event of insufficient personal assets to pay the general legacies, the latter would abate in favor of the specific legacy? (2) Was there such ambiguity in the will which permitted the introduction of extrinsic evidence to show that from the attending circumstances her general intent was to pay all legacies from the proceeds of the real estate? (3) Was not the last

part of the fourth paragraph in effect a residuary clause, having the effect of throwing all proceeds into a general scheme of distribution under the will?

The rule governing the settlement of estates between specific and general legacies in the event of a deficiency of assets is, that general legacies abate proportionally in favor of specific legacies: Kenworthy's Estate, 52 Pa. Superior Ct. 152; Waln's Est., 109 Pa. 479; Moore v. Gilbert, 287 Pa. 102. Where there is a direction in a will to sell property and give the proceeds to a designated person, the gift of proceeds is a specific legacy: McMahon's Estate, 132 Pa. 175; Moore v. Gilbert, supra; 28 R. C. L. 290. If nothing further appeared as between the legacies mentioned in the second and third items and that in the fourth, the two disputed items must give way to the bequest in the fourth.

Where the language of a will is not ambiguous, it is not necessary to resort to extrinsic evidence: Baker and Wheeler's Appeal, 115 Pa. 590; Sponsler's Appeal, 107 Pa. 95; Rouser's Est. 8 Pa. Superior Ct. 188. The intent of the testator must prevail. And by his intent is meant his actual intent. Testator's meaning when apparent cannot be disregarded, nor can it be gotten at aliunde: Woelpper's Appeal, 126 Pa. 562; see Reck's Appeal, 78 Pa. 432; Sponsler's Appeal, supra. The language of the first two sentences of the fourth paragraph of this will is clear and unambiguous. It clearly evidenced an intention to omit Ellen and Paul from participation in the proceeds of the sale of the real estate. It is not what we might feel the testator should have done that governs, but what she expressed in her will.

In Mayer's Estate, 289 Pa. 407, we held that, in ascertaining the intent of the testator, the court should, if possible, harmonize the various parts so as to give effect to the whole will. Here is a will which gives to a faithful servant $2,000, and to a son $5,000; then, before the ink is dry, another paragraph is written which

practically wipes out these two gifts, distributing all the available property to another set of persons. Did the testatrix really intend such a thing to happen? If she did, our duty is clear. The language used in the fourth paragraph reads: "As soon as possible after my death I desire my house on Cornell Avenue to be sold, and after all debts are paid the proceeds are to be invested in trust." We said in Mayer's Estate, supra, in speaking of a legacy that was called in the will a just debt, that the testator did not intend the legacy to rank with his ordinary debts, such as would have a preference in the settlement of the estate, but from the terms of the will, he intended it to have a preferential treatment in a class by itself, so that it might be paid consistent with the terms of the will directing preservation of the estate. This disposition had the effect of creating what might be termed three classes of obligations, (1) ordinary debts, (2) preferred legacies, and (3) other legacies and the residue of the estate.

Appellants argue that the intention of the testatrix in regard to the legacies to Ellen Predo and her son, Paul, was that they should be regarded in the light of a debt, to be paid from the proceeds of the sale of the real estate. It is not necessary to consider that question. We find that the second part of the fourth paragraph controls the disposition of this property.

The testatrix, who wrote her own will, said: "My furniture and effects can be divided among my heirs, or sold and the proceeds used as above." "Can be divided among my heirs," may have relation to the division which she made above, but the words "may be sold and the proceeds used as above" shows the real thought or purpose. She intended that the general proceeds of her property from real and personal estate were to be used as a whole; the latter were to be added to the former and "used as above," or, as above directed, and, so used or directed, Ellen was to get $2,000, Paul $5,000, and the balance of all proceeds was to go to the children

named.   Thus used, there is an equitable distribution of the estate as intended by the testatrix.

The court below was in error in disregarding altogether the last part of the fourth paragraph.   It is true, as the learned auditing judge states, that the intent of the testatrix must be gathered from the will itself, but where there is an apparent confusion in results, the court should examine all the will closely to ascertain if that confusion was intended.

The decree of the court below is reversed and the record remitted so that distribution may be made in accordance with this opinion.   The costs of this appeal and the cost in the court below are to be borne by each of the legatees respectively in proportion to the amounts they will receive under that distribution.