## Earle's Estate.

Argued January 7, 1938. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

24

*Francis J. Walsh,* for appellant.

*John C. Bell, Jr.,* with him *C. Leo Sutton, J. Charles Murtagh* and *Townsend, Elliott & Munson,* for appellees.

OPINION BY MR. JUSTICE BARNES, May 9, 1938:

The question here presented arises under the will of Annie C. Earle, who died on February 2, 1935. Testatrix directed that her home, 2139 Locust Street, Philadelphia, be sold and the proceeds paid over to the Provident Trust Company of Philadelphia, in trust to pay the net income to her great-niece, Annie Marie Collins, for her life with limitation over of the principal upon the death of the great-niece. The beneficiary was a minor, fourteen years of age when the death of testatrix occurred.

The property on Locust Street was subject to a $10,000 mortgage, with the bond of testatrix accompanying it. The principal thereof was overdue, and demand for its payment was made upon the executors. On December 11, 1935, the executors sold the property clear of encumbrances for $10,500, but derived no proceeds from the sale because the payment by them of the principal of the mortgage and accrued interest, together with the

costs of the sale, resulted in a deficiency of several hundred dollars. This deficiency was paid by the executors out of the personal estate of the decedent.

In her will testatrix bequeathed to her sister and to nieces and a nephew pecuniary legacies which amounted to $25,000. By a codicil she gave $100 to a household employee. Upon the audit the entire balance of the estate for distribution did not exceed $20,000. In consequence, the pecuniary legacies were abated, each legatee receiving only a pro rata share of the amount mentioned in the will. No award whatsoever was made to the trustee for Annie Marie Collins, the great-niece.

Almost a year after the estate of decedent had been distributed by the executors, a guardian ad litem was appointed for the great-niece, who had not been represented at the audit of the executors' account. The guardian subsequently presented a petition to the court below asking that the account and the adjudication be opened up and reviewed. The petition alleged that the executors had been negligent in the performance of their duties, and should be surcharged for the loss resulting from the sale of the Locust Street property at a price which, the guardian asserted, was inadequate. The claim was made that the entire proceeds of the sale, without deduction of the mortgage, should have been awarded to the trustee for Annie Marie Collins.

The court below entered an order permitting a review to be made of "the facts and circumstances connected with the sale of premises 2139 Locust Street," but it refused to reconsider any question concerning the exoneration of the real estate from the encumbrance of the mortgage and the costs of the sale. Subsequently, after a rehearing, it was decided by the court below that the executors had exercised due diligence and had received the best price obtainable for the property. This adjudication was confirmed by the court en banc, and from the decree accordingly entered the guardian ad litem appealed. However, the guardian has since abandoned his

objection to the price at which the property was sold, and now agrees that the amount received by the executors represented its true value.

The present appeal of the guardian is from the order of the court below refusing to review the question whether the mortgage should have been paid from the general personal estate of decedent, rather than from the proceeds derived from the sale of the property.

It is argued that the gift for the benefit of the great-niece is a specific legacy of the Locust Street property, which can be satisfied only by the payment of the full amount received from its sale; that the general legacies mentioned in the will should have been abated to the extent necessary to have paid off the mortgage, in order that the great-niece might receive the bequest of the proceeds of the property, free and discharged of all debts and encumbrances.

This contention of the guardian is founded upon the principle that where real or personal property is devised or given to be sold, and the proceeds are to be paid to a designated person, the legacy is a specific one: *Moore v. Gilbert*, 287 Pa. 102; *Kenworthy's Est. (No. 1)*, 52 Pa. Superior Ct. 152; 28 R. C. L. 290; that when it becomes necessary, by reason of a deficiency of assets, the general legacies of an estate abate proportionately in favor of specific legacies: *Waln's Est.*, 109 Pa. 479; *McMahon's Est.*, 132 Pa. 175; *Moore v. Gilbert*, supra.

It seems to us that the important question is whether the application of these well settled principles to the present case results in the interpretation which the guardian has placed upon the provision of the will which is here in controversy.

According to the will, the testatrix expressed the terms of the gift as follows: "I order and direct my executors, as soon as conveniently may be after my decease, to sell and convert into money the property now constituting my home, 2139 Locust Street, Philadelphia, . . . and I give and bequeath the proceeds of such sale

for the benefit of my great-niece, Annie Marie Collins unto my trustee by this my will appointed. . . ."

While it is true that the language of the will plainly evidences an intent of the testatrix to create a specific legacy,—that is, to make a gift of a designated thing or of a particular part of her estate for the benefit of her great-niece, it does not follow that the intended gift applies specifically to the entire proceeds of the sale of the property. What then is the specific thing that it was the purpose of testatrix to bequeath to this particular beneficiary? It was not the real estate, itself, which was the subject of the gift, for the testatrix directed that it be sold. The will clearly indicates that it was the *equity in the property* which was given to the great-niece,—that is, the proceeds which remained after 2139 Locust Street had been sold and converted into money, and the encumbrances thereon paid out of the amount so received. The expression "proceeds of such sale," as used by testatrix, can refer only to the net proceeds, namely, the sum which the executors received after the encumbrances and the costs and expenses of the sale had been deducted from the selling price of the property. We find nothing in the will to support the construction that testatrix intended the gift in question to be free and clear of the encumbrances.

Our conclusion that the provision for the great-niece is a gift of the equity is consistent with the situation of the testatrix when she executed her will on March 27, 1929. At that time the testatrix must have considered that there was a substantial equity in the property. Unfortunately the subsequent decline in real estate values extinguished this equity, but such fact cannot alter the clearly expressed testamentary intent, even though the gift has now proved to be worthless. The particular interest in the property which the testatrix intended for the benefit of her great-niece specifically passed to the trustee under the terms of the will, and no rule of law requires a further abatement of the general pecuniary

legacies in order that the shrinkage or loss in the value of this bequest be compensated.

There is another serious difficulty which stands in the way of the interpretation which the guardian has given to this provision of the will. Section 18 of the Wills Act of 1917, P. L. 403, provides that a devisee of real estate which is subject to a mortgage is not entitled to exoneration out of the other estate of testator, unless it is specifically directed by the will.

We can see no reason why this Section of the Wills Act* should not apply as well to a devise to executors with direction to sell and convey the real estate, as to an absolute devise of real estate. In our opinion no distinction between such devises was intended to be made by the provisions of the Act, and both are within its letter and spirit. An authority or direction to an executor to sell is a "devise," and is referred to as such in the Fiduciaries Act of 1917, P. L. 447, Section 28(a) and (b).

That Section 18 of the Wills Act is applicable to the present case is shown by the decision of this Court in *Williamson's Estate,* 302 Pa. 462. In that case there was a bequest of an option to purchase real estate. We held that under this Section of the Wills Act, it was merely the *equity* which was the subject of the option, and not the real estate relieved from the payment of the mortgage secured thereon.

For the reasons stated we are of opinion that it would be contrary to the terms of the will of this testatrix to require that the mortgage and costs of sale be paid from

---

* Section 18 of the Wills Act of 1917 reads as follows: "Unless the testator shall otherwise direct by his will, the devisee of real estate which is subject to a mortgage shall take subject thereto, and shall not be entitled to exoneration out of the other estate of the testator, real or personal; and this whether the mortgage was created by the testator or by a previous owner or owners, and notwithstanding any general direction by the testator that his debts be paid."

her general personal estate. Therefore we conclude that the bequest to the trustee for the benefit of Annie Marie Collins of the Locust Street property is subject to the encumbrances against it and to the payment of the expenses of the sale. We find no error in the order made by the court below.

Decree affirmed. Costs to be paid by appellant.