## Rafferty's Estate

394

*Joseph A. Palmer, Esq.,* for exceptants.

*Bryan A. Hermes, Esq.,* and *Joseph Parks, Esq.,* contra.

BOLGER, J., July 17, 1946.—This unique holographic will is an illustration of the principle that no will has a brother: Fetter Est., 152 Pa. Superior Ct. 10, 13; and that precedents are of little value in its construction: Tombs Est., 155 Pa. Superior Ct. 605. Such wills are their own best interpreters: Emmerich Est., 347 Pa. 307.

Exceptants complain of the auditing judge's conclusion which attributed to the disputed phrase a connection with the phrase that precedes it, in accordance with which more than one half of the entire estate was awarded to the testator's sister Mary, which award requires an abatement of the pecuniary legacies. They claim the clause in question is not dispositive but was intended by the testator as a statement of the location of his assets. With this contention we do not agree. We are satisfied that the auditing judge has correctly interpreted the will,

Obviously, the presence of the debated clause must be explained. It cannot be regarded as surplusage: Hannach's Est., 332 Pa. 145. Its construction by the auditing judge is natural and logical. It is reasonable and unstrained to conclude that the phrase was intended to be dispositive because, inter alia, it appears in the midst of a series of other dispositive phrases. Furthermore, its beneficiary is a sister of testator, the first and the last person mentioned in the will, apparently the favorite of his bounty. On the other hand, exceptants' interpretation is disjointed, strained and unnatural. It breaks in upon and interrupts the continuity and flow of testator's expression of his wishes to state an irrelevant albeit an important fact. It would require us to supply something that is not supported by the context and is without any logical foundation: Wise et al. v. Rupp, 269 Pa. 505. Another important obstacle to exceptants' position is that the phraseology fails to include the locale of more than one third of the personalty: $7,350 on deposit in the Roosevelt Bank. On the other hand, testator included the location of *all* his assets in the codicil.

It is argued that we should "put ourselves in the armchair of the testator": Harris Est., 351 Pa. 368; Jackson's Est., 337 Pa. 561, and assume that testator would not have created the $5,000 legacy in the codicil if he had intended to give the stocks and money in the Mitten Bank to Mary in the will. Upon assuming that comfortable and advantageous position, we observe that that contention would require us to infer that testator knew with almost mathematical exactness the amount of deductions from his gross estate before legacies, approximately $5,000, as stated in the adjudication. Such an inference is unwarranted.

There is no internal evidence that testator intended equality between or among any of the legatees except

396

as he expressly provided: Davis' Est., 346 Pa. 247. The gifts ranged from $1 to $5,000, and in this instance to more than $12,000. No ambiguity exists which would require a finding of equality: Walter's Est., 18 D. & C. 431.

We cannot assume that testator in providing the $5,000 legacy in the codicil intended thereby to revoke the disputed legacy in the will: Kenworthy's Est. (No. 1), 52 Pa. Superior Ct. 152.

The exceptions are dismissed and the adjudication is confirmed absolutely.