## Chavar Estate

*William P. Coffin,* for petitioner.

*Bernard V. O'Hare,* executor.

FRANCIOSA, J., August 7, 1972.—Anthony Chavar died on November 23, 1969, a resident of Northampton County, Pa. His will, dated September 16, 1968, was probated on December 1, 1969, in the Register of Wills Office of Northampton County.

The 1968 will is a formally drawn typewritten paper duly attested by two subscribing witnesses. It gives decedent's estate to his seven children. Decedent's wife is not named as a beneficiary.

On January 15, 1971, Vida Chavar, decedent's wife, filed a petition for appeal from probate, setting forth that a later writing dated December 14, 1968, is the last will of decedent. The writing of December 14th, together with a translation thereof, has been deposited with the register of wills and petitioner prays that the probate of the will dated September 16, 1968, be opened so that the register of wills may reject that instrument and admit the writing of December 14, 1968, to probate as decedent's will. The matter came on for hearing on January 18, 1972.

The writing of December 14th is entitled "Letter

of Agreement." It is handwritten in the Serbo-Croatian language and there are no subscribing witnesses. The writing appears to direct the payment of $13,000 to the wife. It also provides that the kitchen and room furniture is to be given to the wife. The December 14th writing does not have the usual clause revoking all former wills; however, it does read as follows:

"Since my lawyer does not want to make the will the way I and my wife would like to, he listens more to the children, we consider this letter as a will for the Court."

When one appeals from the probate of a will for the purpose of submission for probate of an alleged will of a later date, the appeal puts at issue a single question: Was it testator's last will? To make the appeal effective, all that is required of appellant is to prove by two witnesses the execution of the paper produced, if it bears a later date and is clearly testamentary in its character. When this has been done, prima facie, the will that had been admitted to probate is not the last will. See Fothergill Will, 21 Fiduc. Rep. 416 (1971).

After a careful review of the record before us, we conclude that appellant has not established prima facie proof of execution of the later writing or that it was testamentary in character.

Section 4 of the Wills Act of April 24, 1947, P. L. 89, Sec. 20, 20 PS §180.4, as amended, provides:

"(a) General rule. Except as provided in subsection (b)* hereof, no will shall be valid unless proved by the oaths or affirmations of two competent witnesses."

Section 5 of the Wills Act of 1947 states:

---

*Subsection (b) applies to a written will of a testator domiciled outside of Pennsylvania.

"No will or codicil in writing, or any part thereof, can be revoked or altered otherwise than:

"(1) Will or codicil. By some other will or codicil in writing,

"(2) Other writing. By some other writing declaring the same, executed and proved in the manner required of wills, or

"(3) Act to the document. By being burnt, torn, canceled, obliterated, or destroyed, with the intent and for the purpose of revocation, by the testator himself or by another person in his presence and by his express direction. If such act is done by any person other than the testator, the direction of the testator must be proved by the oaths or affirmations of two competent witnesses": 20 PS §180.5.

While the wife is a competent witness, her testimony, standing alone, is not sufficient to validate the writing of December 14, 1968. It matters not that the genuineness of decedent's signature to that document is uncontested. Our Supreme Court has held that a writing which can be proved by the oath or affirmation of only one competent witness is not a valid or probatable will. See Rhodes Will, 399 Pa. 476, 160 A.2d 532 (1960).

Equally clear is that the instrument of December 14, 1968, cannot be considered as "some other writing" within the language, meaning and intent of section 5 of the Wills Act of 1947. While the "other writing" does not have to be a valid or probatable will, a revocation must be proved in the same manner required of a will. See Gray Will, 365 Pa. 411, 76 A.2d 169 (1950).

The necessity for strict compliance with the requirements of acts governing the execution of wills is a long-standing rule. As Chief Justice Gibson observed in Long v. Zook, 13 Pa. 400 (1850):

". . . there is no equitable relief against the words of a statute . . ."

More importantly, the writing dated December 14, 1968, is not testamentary in its character. Although it states that decedent and his wife desire the court to consider "this letter as a will," the document has only a superficial resemblance to a will. It does not appoint an executor. It cannot possibly dispose of decedent's entire estate. It contains assertions by the wife which have nothing to do with the disposition of property. It is more capable of interpretation if viewed as an inter vivos settlement of marital rights rather than construed as a will.

We must conclude, therefore, that whatever may have been in decedent's mind, his intention is so vaguely and obscurely stated in the December 14th writing as to be void for uncertainty: Wise v. Rupp, 269 Pa. 505, 112 Atl. 548 (1921); Womack's Estate, 253 Pa. 384, 98 Atl. 611 (1916); Good Will, 14 Fiduc. Rep. 359 (1963).

Since we have decided that the writing of December 14, 1968, is not a probatable will, it is unnecessary to discuss the wife's contention that a writing dated September 29, 1969, should be admitted to probate as a codicil to the December document. Furthermore, the September writing is subject to all of the infirmities which have been raised in our discussion of the December instrument. It too cannot meet the statutory requirements of the "two witness rule." And, it is even less testamentary in nature than the December writing. Accordingly, the following is entered:

## ORDER OF COURT

And now, August 7, 1972, the appeal of Vida Chavar is dismissed, and the decree of the register of wills

dated December 1, 1969, admitting to probate as the last will and testament of Anthony Chavar, a/k/a Anton Cavar, the typewritten will dated September 16, 1968, is sustained. The record is remitted for further administration of the estate.