# Dormer Estate

*Kathryn M. Renzulli*, for accountant.

*Charles H. Dorsett, Jr.*, for objector.

ADJUDICATION BY MIMS, J., APRIL 3, 1981:

The first and final account of Margaret Pursell Dormer, executrix of the estate of said decedent, was presented to the court for audit, confirmation and distribution of ascertained balances on December 4, 1978, as advertised according to law. \*\*\*

Objection No. 2 is stated:

"(a) In computing the net proceeds from the sale of real estate under Paragraph Fourth of the decedent's will, the accountant appears to have subtracted $8000.18 for Pennsylvania transfer inheritance tax. Your objector avers that this item should not be subtracted in computing "net proceeds" as intended by the decedent under Paragraph Fourth of his will. Said transfer inheritance tax should instead be paid from the residue of the estate.

"(b) In computing the figure upon which the shares of the net proceeds are calculated, the accountant has deducted, in the Statement of Proposed Distribution which is part of the notice of audit, $26,422.76 as "claims against the estate." The objector avers that this sum should not be deducted in reaching the shares under Paragraph Fourth, but should instead by (sic) paid from the residue of the estate."

The will of the decedent provides:

"*First:* I direct that my just debts and funeral expenses be paid from my estate, as an expense of administration, as soon as convenient after my death.

"*Second:* In the event my sister, Mary D. Dormer predeceased me in death, and in the event my Wife survives me, then in that

case, I give, bequeath and devise my real estate known, numbered and situate at No. 347 Second Street Pike, Southampton, Bucks County, Pennsylvania to my wife, Margaret Pursell Dormer, in fee, absolutely and forever.

"*Third:* In the event my sister, Mary D. Dormer and my wife, Margaret, both survive me, and in the further event my wife elects to reside, after my demise, in the dwelling which we presently occupy, it is my request and desire, and I so order and direct, that for a period not in excess of two (2) years following my demise, that my wife shall have the free and uninterrupted use and occupancy of my residence aforesaid and she shall not be required to pay rent to any person, for the use and occupancy of my said dwelling, for the period aforesaid.

"*Fourth:* In the event my said sister, Mary D. Dormer and my wife, Margaret, both survive me, then I order and direct that upon expiration of two (2) years following my demise, that my real property described in paragraph two above, be sold by my executrix, at public or private sale, for cash, at the highest price obtainable and to distribute the net proceeds received from the said sale, in the following manner:

   (A)  One third (⅓) of said proceeds to my sister, Mary D. Dormer:

   (B)  Two thirds (⅔) of said proceeds to my wife, Margaret Pursell Dormer.

"*Fifth:* In the event my sister, Mary D. Dormer survives me, then in that case, I give and bequeath to my said sister, Mary, the income from a certain mortgage together with all the monthly payments or financial benefits which are due or which may become due and payable under said mortgage, during her lifetime, which mortgage I presently own and hold as mortgagee, on a parcel of real estate owned and occupied by my sister, Margaret Tritt and by her husband, Richardson Tritt.

"*Sixth:* In the event my sister, Mary D. Dormer becomes incapable by reason of any physical or mental infirmity, of collecting, receiving or assuming control and possession of the income or other financial benefits from the hereinabove described mortgage, which are or may be due and payable to her under the terms of this will, then in that case, I give and bequeath all monthly payments or benefits which are due or which may become due under the said mortgage to my wife, Margaret Pursell Dormer, In Trust Nevertheless, for the following purposes and uses:

   (A)  To use any or all of the said mortgage payments or financial benefits for the support and maintenance of my sister, Mary D. Dormer, and for her medical care and attention, which she may require during her lifetime.

   (B)  I order and direct that the foregoing Trust terminate either upon the demise of my sister, Mary, or upon the

demise of my wife, Margaret, or upon the date the said mortgage has been paid in full.

"*Seventh:* In the event my sister, Mary D. Dormer dies before the said mortgage has been paid in full, then I give, bequeath and devise the said mortgage, together with payments which are due and payable thereunder, to my wife, Margaret, absolutely and forever.

"*Eighth:* I give, devise and bequeath, all the rest, residue and remainder of my estate, real, personal or mixed, including any property over which I may have the power of appointment to my wife, Margaret, in fee and forever."

The inventory filed in this estate reveals that the primary assets of decedent were the real estate located at 347 Second Street Pike, Southampton and the Tritt mortgage. The remaining assets were valued at $3171.55 and included personal effects, ($50), 1963 Cadillac sedan, ($40), homemade two wheel trailer, ($75), and 1972 Buick coupe, ($1700). Included in this figure of $3171.55 were two insurance policies inventoried at $1155.33, which were determined not to be the property of the decedent. The Cadillac was junked and no money was received. The trailer, personal property and the Buick were distributed to the widow of the decedent along with $175 in cash in payment of her family exemption.

The real estate carried at $89,000 was sold for a gross sale price of $71,000.

The disbursements, all of which appear to be proper, totalled $26,422.78. The balance in the residue is $791.36, leaving a balance of $25,631.42 to be paid from the other legacies.

It is accountant's position that the bequest in Paragraph Fourth of decedent's will is a specific legacy. We concur.

Mr. Justice Kephart stated in *Torchiana's Est.,* 292 Pa. 470, 474:

"The rule governing the settlement of estates between specific and general legacies in the event of a deficiency of assets is that the general legacies abate proportionately in favor of specific legacies: *Kenworthy's Estate,* 52 Pa. Superior Ct. 152; *Waln's Estate,* 109 Pa. 479; *Moore v. Gilbert,* 287 Pa. 102. Where there is a direction in a will to sell property and give the proceeds to a designated person, the gift of the proceeds is a specific legacy. *McMahon's Estate,* 132 Pa. 175; *Moore v. Gilbert, supra;* 28 R.C.L. 290 . . .".

In *Earle's Est.,* 331 Pa. 23, a gift of the proceeds of sale

of real estate was held to be a specific legacy. In *Haak Est.*, 165 Pa. Super 180 the direction in the will to sell two specifically described parcels of real estate and give the net proceeds to three named legatees was held to create specific legacies. In *Haak* the specific legatees were also held to be entitled to accrued rentals.

In *Elmore's Est.*, 292 Pa. 571, 573, the testator's will directed the real estate be sold and annuities be created for testator's sister, three cousins and brother. In other paragraphs testator gave legacies of cash to various individuals and charities. The estate was insufficient to pay all the legacies. The court directed that the proceeds from the sale of the real estate constituted specific legacies to the annuitants.

We find that the bequests in Item Fourth as to the real estate, and Items Fifth, Sixth and Seventh, all relating to the Tritt mortgage are specific legacies.

Where the residuary estate is insufficient to pay the debts, expenses of administration, and death taxes, the specific legacies, there being no general legacies in this will, must abate proportionately. There is a statutory order of abatement set forth in the Probate, Estates and Fiduciaries Code:

> "Section 3541. Order of Abatement
> (a) General Rules. — Except as otherwise provided by the will, if the assets are insufficient to pay all claimants and distributees in full, the shares of distributees, without distinction between real and personal estate, shall have priority of distribution in the following order:
> (1) Property specifically devised or bequeathed to or for the benefit of the surviving spouse.
> (2) Property specifically devised or bequeathed to or for the benefit of the decedent's issue.
> (3) Property specifically devised or bequeathed to or for the benefit of other distributees.

As mandated, we must now examine the entire will of this decedent, to determine whether there is any either expressed or implied intent on the part of the testator as to an abatement preference. See: *Thornton Est.*, 420 Pa. 521, 526. A careful examination of this will in its entirety reveals no expressed or implied intent on the part of the testator as to an abatement preference. Accordingly, the rules set forth in Section 3541 must be applied. Under Section 3541 (a) 1, Margaret P. Dor-

mer, the surviving spouse of the decedent is entitled to priority of distribution of the specific legacies of two-thirds of the proceeds from the sale of the real estate and the unpaid balance due on the Tritt mortgage, Mary D. Dormer having died on July 17, 1978. The specific bequest to Mary D. Dormer, decedent's sister, falls within the provisions of 3541 (a) (3) and is subject to the priority of the gift to decedent's widow.

To the extent that the residuary estate is insufficient to pay all the costs of this estate, they must first be paid from the legacy of one-third of the proceeds from the sale of the real estate bequeathed to decedent's sister to give priority to the widow's legacy.

We compute the abatement as follows:

| Specific Legacies | Total | Mary Dormer | Margaret Dormer |
|---|---|---|---|
| Net Proceeds | | | |
| Sale of house | 61,804.31 | 20,601.44 | 41,202.87 |
| Tritt Mortgage Balance | | | |
| According to Account | 26,832.10 | none | 26,832.10 |
| Residuary Estate | 791.36 | | 791.36 |
| Costs of Administration | | | |
| Advanced by Accountant | 13,862.78 | | |
| Executrix commission | 5,960.00 | | |
| Attorney fee | 6,600.00 | | |
| | 26,422.78 | | |
| Paid from residue | 791.36 | | |
| Balance due | 25,631.42 | | |
| Abatement | | 20,601.44 | 5,029.98 |

Objector's objection to the accountant's computation of the net proceeds from the sale of the real estate appears to have been correctly stated. A review of the settlement sheet shows that in arriving at the net proceeds of sale shown as $53,804.13, the sum of $8000.18 for inheritance tax has been included in the total disbursements. We understand that this tax had been liened and had to be paid at settlement. However, we do not regard the inheritance tax as an encumbrance which must be paid from the real estate such as the mortgage in *Earle's Est.*, 331 Pa. 23. The net proceeds of the sale of the real estate were $61,804.31. This however does not affect the final distribution in the estate. ***

Since decedent in Item Third of his will directed that his

wife shall have the free and uninterrupted use and occupancy of the real estate for two years and not be required to pay rent to any person for the use and occupancy of the dwelling during that period, it would appear that inherent in that right to occupancy would be the requirement of the estate to bear the expenses of its maintenance. Objector has failed to state his objection with sufficient specificity for us to find otherwise. This objection is dismissed. ***

We have not discussed the Pennsylvania transfer inheritance tax paid in this estate. There is no tax clause in the will and the general rule is that in the absence of a tax clause the tax is to be paid from residue. Here there is no residuary estate from which the tax can be paid. This means that each legatee must bear the tax on her own legacy.