## ROBERT McCULLOUGH v. JAMES M. STAVER.

ERROR TO THE COURT OF COMMON PLEAS OF CLINTON COUNTY.

Argued March 14, 1888—Decided March 26, 1888.

McCullough agreed in writing to sell lands to Staver for $3,000, to be paid with interest in six months. Within the time, Staver sold the lands to Squires for $8,000, and a new contract was made between McCullough, Staver and Squires, in which McCullough agreed to take his payments from Squires at the time fixed in the contract between Staver and Squires, and to convey directly to Squires when the $8,000 was paid in accordance therewith.

Under this arrangement Squires paid McCullough to the credit of Staver, $2,000, and received possession but made no further payments. McCullough then brought ejectment against Squires who made no defence and suffered a conditional award and judgment thereon to be entered against him, not for what he had agreed to pay to Staver, but for the balance due from Staver to McCullough.

Staver had not been made a party and had been given no notice of this action; subsequently, however, he tendered the balance due from him and brought ejectment against McCullough: *Held*,

1. That under the tripartite agreement, Staver had an equitable title to the lands, and by the same agreement McCullough became a trustee for Staver, holding the legal title to compel payment of the $8,000 payable thereunder.

2. That McCullough, not having taken an award and judgment for the entire balance due from Squires, holding the excess over what was due to himself in trust for Staver, it was against equity and his own contract to set up his award and judgment against Squires to defeat the action by Staver, who was therefore entitled to recover.

Before Gordon, C. J., Paxson, Sterrett, Green, Clark and Williams, JJ.; Trunkey, J., absent.

Nos. 118 January Term 1887, and 134 January Term 1888, Sup. Ct.; court below, No. 254 September Term 1886, C. P.

On September 22, 1886, a summons in ejectment was issued by James M. Staver against Robert McCullough, to recover lands in Gallagher township. The plea was not guilty.

At the trial on May 19, 1887, it was shown on the part of the plaintiff:

That on April 3, 1883, Robert McCullough made a contract in writing to sell to James M. Staver three adjoining tracts of unseated land in Gallagher township, reserving the hemlock and oak tan-bark thereon, with the right at all times to enter, cut down and peel trees and haul off the bark from 500 cords up, each season, for $3,000 with interest from date of contract, " provided said James M. Staver, his heirs or assigns shall and do pay the same within six months from the date hereof"; that on September 1, 1883, Staver made a contract in writing to sell the lands to A. D. and M. S. Squires for $8,000, payable, $500 on October 1, 1883, $1,500 on December 13, 1883, $200 on November 1, 1884, $3,000 on December 1, 1884, $2,800 on December 1, 1885, with annual interest from October 3, 1883, on the balance unpaid at that date, reserving the hemlock and oak tan-bark, as in the foregoing contract.

That, on September 14, 1883, McCullough, Staver and A. D. and M. S. Squires entered into a contract together wherein the foregoing contracts were briefly recited and McCullough agreed to vary the terms of payment to him to correspond with the terms of payments to be made by the Squireses to Staver, to wit: $2,000 on December 10, 1883, and $3,000 on December 1, 1884, out of which last payment McCullough was to receive from A. D. and M. S. Squires the balance of purchase money and interest due him; and that when A. D. and M. S. Squires should have paid all the purchase money they had

agreed to pay to Staver, McCullough would make the title to said lands to A. D. and M. S. Squires as provided in his said agreement with Staver, reserving the tan-bark, etc.

That on June 19, 1886, the plaintiff had tendered to the defendant $1,293.13 as the balance due upon the contract of April 3, 1883, with interest, after a payment of $2,000 by A. D. and M. S. Squires on December 8, 1883. To keep up the tender, the plaintiff offered to pay $1,300 into court.

. It was then offered to be shown on the part of the defendant, that on February 8, 1886, to No. 57 November Term 1886, .McCullough had brought an ejectment against A. D. and M. S. Squires for the same lands described in the writ in this case; that on March 15, 1886, judgment was entered on an award of arbitrators in favor of the plaintiff for the land in dispute, to be released upon the payment by the defendants of $1,287.65 within 30 days from the date of the award, and that under a writ of habere facias possession had been delivered to the plaintiff in that ejectment, the defendant in this, on May 17, 1886.

The offer was objected to as irrelevant and incompetent, for the reason that the plaintiff herein, not having been made a party to that proceeding and, so far as shown, not in any way notified of it, could not be affected in his rights under his agreement of purchase from the defendant.

The offer was admitted for the present, when the defendant rested.

The court, MAYER, P. J., directed the jury to find for the plaintiff.

A verdict for the plaintiff generally having been returned, the plaintiff paid into court $1,300 in accordance with his tender, and on May 21, 1887, judgment was entered on the verdict as returned.

On May 26, 1887, a writ of habere facias was issued and the plaintiff put into possession. On June 2, 1887, the defendant purchased the writ of error to No. 118 January Term 1887.

On June 13, 1887, on petition of the defendant filed, a rule was granted to show cause why a writ of restitution should not issue. Answer of the plaintiff being filed, on August 24, 1887, the rule was made absolute and a writ of restitution was awarded; the writ issued on the same day and possession was restored to the defendant.

On October 8, 1887, the petition of the plaintiff was presented praying the court to amend and mould the verdict, and rule granted. This rule was afterwards made absolute, amending the verdict and judgment thereon by adding a reservation in favor of the defendant of the hemlock and oak bark in accordance with the agreement of April 3, 1883.

The defendant excepted to the foregoing order allowing said amendment, and subsequently took the writ of error to No. 134 January Term 1888, specifying that the court erred:

1. In the instruction directing the jury to find a verdict for the defendant.

2. In allowing the amendment of the verdict returned May 19, 1887, upon which judgment had been entered May 21, 1887.

*Mr. H. H. Martin* and *Mr. R. P. Allen* (with them *Mr. A. F. Martin, Mr. H. T. Harvey,* and *Mr. John G. Reading*), for the plaintiff in error:

1. The three contracts in evidence are to be construed together. The first two are merged, so far as the remedies upon them are concerned, in that of September 14, 1883. Under this last contract, McCullough was to collect his purchase money from the Squireses; his remedy was against them. Staver had no legal title and made no covenant to convey any by the separate contract of September 1st; he was never to get any by the terms of the last contract; the title was to pass from McCullough to the Squireses if they made their payments. Staver never paid a cent to McCullough, and was to get only his bonus from the Squireses, which was not purchase money because it was not tacked to the title. Wherefore, Staver could maintain ejectment against none of the parties; his only remedy was by covenant at first, assumpsit now, against the Squireses. He still has all the rights he ever had under the contract of September 14th; but he cannot maintain the present action, because he covenanted that McCullough should convey not to him, but to the Squireses.

2. The Squireses, who alone were in possession, had covenanted to pay McCullough his purchase money, and alone were the proper defendants. The suit was notice to the world, and if Staver thought he had any rights he could have petitioned

to be made a party to defend or to appeal. Lis pendens is notice to the world as to the subject matter of the suit: Diamond v. Lawrence County, 37 Pa. 353; Damon v. Bache, 55 Pa. 67; Maxon's App., 75 Pa. 176; Arnold v. Fitzgerald, 76 Pa. 385; wherefore, the judgment on the award was conclusive of the rights of Staver against McCullough. Moreover, in conditional verdicts time is of the essence of the contract: Gordonier v. Billings, 77 Pa. 498; and if Staver had the right of tender to McCullough he was bound to make it within the thirty days allowed by the award: N. Y. etc. Gas Coal Co. v. Plumer, 96 Pa. 99.

3. McCullough had not by any of the agreements sold the hemlock or oak bark on the trees, nor the right to enter to take it. This right of property was overlooked by the court and the jury were directed to find generally for the plaintiff. Judgment on the verdict was entered May 21, 1887, and it was not competent for the court below on November 10th, to change the findings of the jury in matters of substance.

*Mr. T. C. Hipple* (with him *Mr. E. P. Geary*), for the defendant in error:

1. By the contract of April 3, 1883, between McCullough and Staver there was established the relation of vendor, or owner, of the legal title, and vendee, or owner, of the equitable title. McCullough agreed "to sell and convey" the land to Staver, and from that time had the legal title as security for the purchase money; to this contract McCullough and Staver alone were privies. By the contract of September 1st, the Squireses could purchase from Staver, with or without the consent of McCullough, a certain and definite interest in the lands, and to this contract Staver and the Squireses alone were privies, and it was over one month before McCullough could require Staver to pay the purchase money on the first contract. The parties are all brought together by the third contract of September 14, 1883, reciting both the former contracts, and broadly stating that McCullough agreed to vary the terms of the payments to him to correspond with the payments to be made to Staver by the Squireses. How did this changing of the terms of payment increase McCullough's rights in the title or lessen the rights of Staver?

2. The doctrine of lis pendens is inapplicable. It is based, not upon the theory that a pending suit is constructive notice to all the world, like a recorded deed, but upon the ground that the law will not allow litigant parties to give to others, pending the litigation, rights to property in dispute so as to prejudice the opposite party and defeat the execution of the decree to be entered: Dovey's App., 97 Pa. 160.

3. The amendment of the verdict was fully within the power of the court: act of March 14, 1872, P. L. 25; Jones v. Freyer, 3 W. N. 365; Thompson v. Mattern, 115 Pa. 501; Cope v. Kidney, 115 Pa. 228.

OPINION, MR. JUSTICE WILLIAMS:

In April, 1883, McCullough was the owner of a tract of land containing fifteen hundred and twenty-two acres. He contracted in writing to sell the tract to James M. Staver for $3,000, with a reservation of all the hemlock and oak tan-bark to himself, with the right of entry to take and remove the same in quantities of from five hundred cords upwards, each season, as might suit his own business purposes. Staver had six months within which to pay the purchase money, and upon payment was entitled to a deed; but no part of the purchase-money was paid down, nor was there a promise on the part of Staver to pay it. His contract was in effect a refusal; a promise by McCullough to sell to him for $3,000, provided he paid that sum within six months.

Before the time expired Staver had found a purchaser for the land at a large advance upon the price he had agreed to pay, and on the 14th of September, 1883, he brought A. D. and M. S. Squires to McCullough and a new contract was entered into upon that date. This contract recites that of 3d April, 1883, between McCullough and Staver, and that between Staver and A. D. and M. S. Squires, and then provides that the terms of payment by Staver shall be changed to correspond with the terms of payment to him by A. D. and M. S. Squires, so that McCullough shall receive his purchase-money as follows: $2,000 on the 10th December, 1883, and the balance out of a three thousand dollar payment to be made by the Squireses on the 1st December, 1884. The contract contains a further stipulation "that when A. D. and M. S. Squires

shall have paid all the purchase-money they have agreed to pay to said James M. Staver, viz.: eight thousand dollars and interest, that said Robert McCullough or his legal representatives will make title to said lands as provided in his said agreement with James Staver unto the said A. D. and M. S. Squires or their heirs or assigns," etc.

The two thousand dollars were paid by A. D. and M. S. Squires on the 8th December, 1883. There can be no question but that, under the terms of the tripartite contract above recited, Staver's refusal had ripened into an equitable title; and that the deed to which he was entitled upon the payment of $3,000, was to be made to A. D. and M. S. Squires, his vendees, when they had fully paid the purchase-money due both to McCullough and himself. But A. D. and M. S. Squires paid no more purchase-money on the contract, and in February, 1886, McCullough brought an action of ejectment against them. With the summons he caused a rule to arbitrate to be served, and as soon as it could be done an award was obtained against them in the nature of a conditional verdict, to be released upon the payment of the sum of $1,287.65 within thirty days from the date of the award. The defendants made no defence to the action, and did not appeal from the award or comply with its terms. The plaintiff obtained a writ of habere facias and was put into possession by the sheriff.

On the 19th June, 1886, Staver, who was not made a party to or served with notice of the action of ejectment brought by McCullough, his vendor, tendered to him the amount remaining due under the terms of his contract, and, the tender being refused, brought this action. The sole question is whether Staver's equitable title was extinguished by the award against A. D. and M. S. Squires. We think it was not. The action in which that award was obtained was brought to enforce the tripartite contract of 14th September, 1883. Staver was a party to that contract. Under its provisions he was debtor to McCullough for the balance of the purchase money which he had undertaken to pay for the land, and he was also entitled to receive from A. D. and M. S. Squires several thousand dollars more than was due from him; and McCullough had undertaken to hold the legal title as security for its payment.

Under such circumstances it was the duty of McCullough to see that Staver had notice of the proceedings to enforce performance of the contract; or, if unable to give notice, then to take his award in accordance with the terms of the tripartite contract for the entire balance due from A. D. and M. S. Squires. What he did was to bring his action against Staver's vendees, who were also made his own by the contract of 14th September, 1883, and then to take an award for the amount due from Staver to himself upon a contract which had been merged in the tripartite contract, and had no longer an independent existence. The award should have followed the existing contract and have embraced the entire amount due from the defendants. Of this sum, $1,287.65 was due to him to extinguish his claim upon Staver, the balance he would have held for Staver under the stipulation in the contract by which he was to convey to A. D. and M. S. Squires, when, and only when, they had paid Staver in full.

The practical effect (if not the actual intent of McCullough and the Squireses) is, if the award is permitted to stand, to extinguish Staver's equity without notice to him, and to extinguish his demand upon his vendees for purchase-money by the action of one who stood in the relation of trustee of the legal title for his benefit. The learned judge of the court below was right therefore in his ruling, and

The judgment is affirmed.