## Douds' Estate.

74

Argued April 18, 1941. Before
KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD,
RHODES, HIRT and KENWORTHEY, JJ.

The facts are stated in the opinion of President
Judge TRIMBLE, of the court below, as follows:

The question is whether interest should be allowed
from the general estate of decedent on three legacies
payable from the proceeds of real estate where the
amount is insufficient to pay the legacies in full.

Eurilda Douds made her last will and testament on
April 25, 1930. In it she provided, *inter alia,* as follows:

"Second—I hereby direct that all my real estate
situated at 1121 Liverpool St., twenty-first ward, N. S.
Pittsburgh, Pa., shall be sold as soon as possible at the
best price than can be secured, and that the payment of
all my debts and funeral expenses, and the erection of
an appropriate monument be paid for from my estate.

"Third—I give to my son, Andrew E. Douds, the sum
of $2,000 to be paid from the amount received from the
sale of my real estate.

"Fourth—I give to my son, Oliver A. Douds, the sum
of $2,500 to be paid from the amount received from the
sale of my real estate.

"Fifth—I give to Dr. D. N. Bulford the sum of $1,000
to be paid from the amount received from the sale of
my real estate."

All her residuary estate she bequeathed to her daughter, Agnes M. Bulford.

The real estate of testatrix was sold February 9, 1940 and the proceeds are insufficient to pay the legacies with interest. It is argued that the legacies are demonstrative and the interest is payable from other assets. The intention of the testatrix determines whether a legacy is specific or demonstrative; *Walls v. Stewart,* 16 Pa. 275; *Balliet's Appeal,* 14 Pa. 451. By very clear and unequivocal language testatrix limited the payment of the legacies to "the amount received from the sale of my real estate." Where real or personal property is devised or given to be sold, and the proceeds are to be paid to a certain named person or persons, the legacy is specific; *Moore v. Gilbert,* 287 Pa. 102 relying on *Kenworthy's Estate, No. 1,* 52 Pa. Super. 152; 28 R. C. L. 290; *Torchiana's Estate,* 292 Pa. 470; *Earle's Estate,* 331 Pa. 23. This is true not only when the entire proceeds of the sale are to be paid to certain persons, but also when only a part thereof is to be so paid; *Devine's Estate,* 10 Dist. 273; *Schott's Estate,* 11 D. & C. 373. In an exhaustive discussion of English and American cases entitled "Specific Legacies of Unspecific Things," by Philip Mechem in 87 Penna. Law Review 547, 572 (1939) it is concluded that a "direction to sell lands and pay from the proceeds so much is usually treated as specific; a gift of so much, to be paid from the proceeds of land to be sold is usually demonstrative."

The rule is well established that legacies should bear interest from the time they are payable. This time is to be ascertained from the intention of the testator, *Mayer's Estate,* 319 Pa. 289, and when he fails to express that intention, the time is fixed by statute. Sec. 21 of the Fiduciaries Act of 1917, P. L. 447, expressive of the previously existing law, provides that interest on all pecuniary legacies shall begin to run from the expiration of one year from the date of death of testa-

tor with the exception that interest on a legacy to a widow or child of testator shall run from the date of death, unless a contrary intention appear by will. Where, as in this case, a testator directs a sale of his real estate and the payment of certain legacies from the proceeds, the cases hold he has shown an intention that the legacies should not bear interest until they are payable, to wit, the date when the sale is effected; *Gunning's Estate, No. 3*, 234 Pa. 148; *Hoskinson's Estate*, 268 Pa. 447. The instant sale took place February 9, 1940; hence interest should run only from that date.

Since the legacies are specific and the proceeds of sale are insufficient to pay them in full, they should abate *protanto*. An abatement to be proportionate should include interest but where the legacies are all of the same character, the interest will be disregarded; 69 C. J. 2197. However, counsel for the residuary legatee has stated that the legacies, but not the interest, may be paid in full from the general estate as appears by the testimony, page 19:

*"The Court:*

It appears that the legacies are payable from a fund which is insufficient to pay them in full, and consequently no interest can be allowed.

*"Mr. Thompson:*

It is about $300 short, as far as making up the value of the amount of the legacies is concerned. We are willing to let them come out of the residue but we are opposed to paying interest."

Accordingly the legacies should be paid in full with no consideration to the interest due thereon.

Exceptions to supplemental decree dismissed, before TRIMBLE, P. J., MITCHELL and CHALFANT, JJ., opinion by TRIMBLE, P. J. Exceptants appealed.

*Warren H. Van Kirk,* for appellants.

*Ross W. Thompson,* for appellee.

PER CURIAM, June 30, 1941:

The decree of the court below will be affirmed on the opinion of President Judge TRIMBLE, filed May 29, 1940. To the cases cited by him as supporting the ruling that the legacies to the appellants "to be paid from the amount received from the sale of my real estate" were specific and not demonstrative, may be added, *Cryder's Appeal,* 11 Pa. 72; *Crawford's Estate,* 293 Pa. 570, 574, 575, 143 A. 214; *Forsyth's Estate,* 335 Pa. 281, 284, 285, 6 A. 2d 817; *Stoever's Estate,* 45 Pa. Superior Ct. 451, 459, 460.

Decree affirmed at the costs of the appellants.