Gatins Estate.

Argued October 7, 1946. Before BALDRIGE, P. J., RENO, DITHRICH, ROSS and ARNOLD, JJ. (RHODES and HIRT, JJ., absent).

*Walter E. Glass,* with him *William A. McGuire* and *Robert S. Glass,* for appellant.

*John P. Saylor,* with him *Spence, Custer & Saylor,* for appellee.

OPINION BY BALDRIGE, P. J., October 30, 1946:

The orphans' court held that the appellant, a residuary legatee under the will of testatrix, his mother, was not entitled to share in the balance for distribution because his indebtedness to the estate for use and occupation of a portion of decedent's real estate, subsequent to her death, exceeded the amount of his share. This appeal attacks the jurisdiction of that court in entering such a decree.

Catherine Kelly Gatins died October 23, 1932, first having made a will dated December 16, 1929. She directed that her real estate be sold and bequeathed the proceeds, after the payment of expenses, debts, and a small legacy, in equal shares to her five children and their heirs. She possessed no personal property, but owned real estate located at Johnstown appraised at $5500. The real estate was not sold until 1945, whereupon the administratrix, d. b. n. c. t. a., filed a final account of the rents and proceeds of sale. Attached to the account was a statement that appellant had occupied a house which was part of the decedent's real estate from the date of her death to September, 1943, and although frequent demands had been made upon him to pay rental therefor, he had failed to do so; that the court would be requested at audit to charge his share with the value of the use and occupation thereof. Appellant appeared at the audit, with counsel, and testified in substance that he had initially entered into possession of the premises sometime prior to February 1931, pursuant to an oral agreement with his mother that he might occupy the house as long as he desired

without any obligation to pay rent. The court below apparently disregarded this proposition, which was quite proper as the alleged agreement, at least after February 1934, was in violation of the Statute of Frauds, March 21, 1772, 1 Sm. L. 389, §1, 33 PS §1, and determined upon sufficient evidence that the sum of $15.00 per month was the reasonable value for the use and occupation of the premises. Appellant admittedly occupied the property without paying any rental therefor, and offered no testimony to deny that $15.00 per month was a reasonable rental.

The appellant contends that the common pleas court had exclusive jurisdiction to determine whether he was liable for the payment of the rent. The testatrix' will undoubtedly worked an equitable conversion of the realty into personalty. It was the executor's duty, upon testatrix' death, to take possession and control of the property, (§21(a) Fiduciaries Act, 1917, June 7, P. L. 447, 20 PS §711; *Lloyd's Estate*, 281 Pa. 379, 387, 126 A. 806) pending sale pursuant to the positive direction in the will. The rights given to the original executor were extended to the present administratrix, d. b. n. c. t. a.: §3 Fiduciaries Act, supra, 20 PS §352; *Sears v. Scranton Trust Co.*, 228 Pa. 126, 135, 77 A. 423.

The personal representatives not only had a right, but a duty, to act diligently in the collection of rents and to keep the real estate income producing. Even if the appellant's version of the alleged agreement between his mother and him is accepted as a verity, that defense could not have been successfully asserted in an action against him by the personal representatives of his mother's estate, either for the collection of rents or recovery of possession of the real estate beyond February 1934, under the Statute of Frauds, supra. If the appellant had either paid rent from the latter date until actual surrender of the premises or had vacated the property so that it might have been let to a paying tenant, the balance available for distribution would have been

materially enhanced. If appellant is liable for a reasonable rent for but six years prior to the date of the audit, to September 1943, the date of surrender, his indebtedness would be in excess of his distributive share. We have no difficulty in concluding that the orphans' court had jurisdiction to pass upon appellant's liability for rent and to determine the amount thereof: *Brusstar's Estate,* 123 Pa. Superior Ct. 45, 48, 186 A. 147, allocatur refused 123 Pa. Superior Ct. XXVII.

The Orphans' Court Act of 1917, June 7, P. L. 363, §9(e), 20 PS §2245, provides that the orphans' court shall have jurisdiction to make distribution of assets of the estate of a decedent among creditors and other interested parties, and it has ample power to inquire into, and determine, all questions in any way affecting the distribution to the parties. "No matter of settlement or touching the administration of an estate can be drawn within the power of the common pleas. . . . The orphans' court, in a proceeding to distribute an estate among legatees, next of kin and heirs, has ample power to inquire into and determine all questions standing directly in the way of a distribution to these parties." *Tyson v. Rittenhouse,* 186 Pa. 137, 143, 40 A. 476. See, also, *Slagle's Estate,* 335 Pa. 552, 558, 7 A. 2d 353.

It has been well established that if a beneficiary occupies real estate belonging to the decedent and the fair rental value is deductible from his share, the amount of his share is to be determined by the orphans' court when the estate is before it for adjudication: *Link's Estate, (No. 1)* 319 Pa. 513, 516, 180 A. 1.

The court below had before it a fund for distribution which had been diminished by the failure of one of the named distributees to pay his just obligations to the estate. It would have been manifestly unfair to penalize the other distributees for his default. The questions raised required a determination by the orphans' court in order to effect a just distribution.

Decree of the court below is affirmed.