## Bradley v. Burke

*Caldwell & McFate*, for plaintiff.

*Orville Brown*, for defendant.

BRAHAM, P. J., November 26, 1948.—This action of ejectment is before the court en banc upon defendant's preliminary objections. The objection relied upon is the inability of an executor under the will of a Florida decedent, duly probated in that State, to bring suit in ejectment for land situated in this county. The

question is raised by a petition under Pa. R. C. P. 1017(b). An answer was filed but no testimony was taken. Accordingly, the case is before us on bill and answer, in which event the procedure is regulated by Pa. R. C. P. 209(b). The rule as stated is ambiguous, the correct rule being that all facts properly pleaded in the bill and not denied in the answer, and all properly pleaded allegations in the answer which are not denied, are deemed to be admitted: Kelly et al. v. International Clay Products Co., 291 Pa. 383, 385. The facts as deduced in this manner may now be stated briefly.

Edward R. Bradley, a famous horseman in his day, died on August 15, 1946, a resident of Palm Beach, Fla., and seized of a parcel of real estate in New Castle, this county, which was in the possession of defendant. Mr. Bradley's will first lists 32 specific bequests totaling about $200,000, they not to total, however, more than 10 percent of his estate. The remainder after a specific devise of Florida real estate was divided into three shares; the first share of 2/24 was given to John R. Bradley, testator's brother and present plaintiff, in trust; the second of 11/24 was given to John R. Bradley outright and the third share of 11/24 was given to First National Bank & Trust Company of Lexington, Ky., in trust for many named persons.

Testator appointed John R. Bradley and C. Barry Shannon his executors and provided that if Shannon should fail to qualify John R. Bradley might act alone, a circumstance which came to pass upon Shannon's dying before testator. Then followed directions as to the powers of the executors over real estate.

"I hereby authorize and empower my said Executors and their successors, in their absolute discretion, to do the following things, namely: . . .

"(b) To sell all or so much of my estate, real and personal, (except such portion of my estate as I have specifically devised or disposed of), either at public auction or by private contract of sale, and in such manner and upon such terms and conditions, and at such price, and with such warranty or warranties, as said Executors may deem necessary, and without any order or judgment of any court, for the purpose of (1) paying my debts, funeral expenses, taxes of all kinds (including Federal Income Tax, State and Federal Inheritance or Estate and Succession Taxes, if any,) on my estate; and (2) for the payment of the costs and charges of the administration of and settlement of my estate; and (3) for the purpose of dividing my estate among those entitled thereto under this my last Will and Testament; and also (4) to execute, acknowledge and deliver all such conveyances, transfers, assignments and other instruments of writing with such warranty or warranties as my said Executors or their successors may deem necessary or proper to pass or to vest in the purchaser or purchasers of any such property a good and valid fee simple title thereto."

Plaintiff has elected to sell the Lawrence County real estate for the purposes mentioned in the will. So declares plaintiff in the fourth paragraph of his answer. Just which purpose plaintiff does not say, although the complaint specifies the payment of debts, administration expenses and the distribution of the estate as the reasons for sale.

The action is ejectment. May a foreign executor maintain ejectment for land within this Commonwealth? First, may an executor appointed under Pennsylvania law do so? This was once a question of considerable difficulty because in ejectment plaintiff should show not only a right to possession but title in himself and executors have only such power over real

estate as is given by the will: Kreise et al. v. Cartledge, 262 Pa. 55, 60. It is unnecessary for us to enter into a detailed analysis of the title in plaintiff necessary to maintain ejectment because our question has been answered in a practical way by the Fiduciaries Act of June 7, 1917, P. L. 447, sec. 28(a), 20 PS §711, as follows:

"The executors of the last will of any decedent, to whom is given thereby a naked authority only to sell any real estate, shall take and hold the same interests therein, and have the same power and authorities over, such estate, for all purposes of sale and conveyance, and also of remedy by entry, by action, or otherwise, as if the same had been thereby devised to them to be sold, saving always to every testator the right to direct otherwise."

Defendant argues that this section of the Fiduciaries Act does not apply in the case at bar because the authority given by Mr. Bradley is not a "naked authority". This contention may well be answered by pointing out the reason for the statute. Section 28(a) of the Fiduciaries Act was preceded by the Act of February 24, 1834, P. L. 70, sec. 13, and it by the Act of March 31, 1792, 3 Sm. L. 66, all in substantially the same terms. The Act of 1792 contains a preamble in this language:

"Whereas, great inconveniences are often sustained, in cases where lands, tenements or hereditaments are devised to be sold by executors, from the want of power in such executors to bring actions for the recovery of possession thereof", etc.

Thus the case does not turn upon whether an equitable conversion of all or part of the real estate has been worked but only upon the existence of a power to sell real estate, unaccompanied by title in the executors, in which event the statute puts title in the executor: Chew v. Nicklin, 45 Pa. 84, 87.

The declared purpose of the Act of 1792 was to enable executors with power of sale over real estate to give possession of the lands. Section 28(a) of the Fiduciaries Act gives full power and authority "for all purposes . . . of remedy by action or otherwise". This continuing statutory power of executors, with power of sale, to bring ejectment has long been recognized: Chew's Executors v. Chew, 28 Pa. 17; Earle's Estate, 331 Pa. 23; Gatins Estate, 159 Pa. Superior Ct. 563, 565; Sears v. Scranton Trust Co., 228 Pa. 126.

If a Pennsylvania executor with power of sale may maintain ejectment, may a foreign executor with like power over Pennsylvania real estate do so? Section 58(a) of the Fiduciaries Act of 1917, 20 PS §993, forbids foreign executors to "intermeddle with the estate of a decedent" here, except as provided in the statute; hence the presumptions are against it. Section 58(c) of the Act of 1917, as last amended by the Act of May 5, 1939, P. L. 95, 20 PS §995, gives foreign executors very extensive powers over personal property and section 58(d) of the Act of 1917, 20 PS §996, grants foreign executors power over real estate in this language:

"Whenever a citizen of the United States, nonresident in the Commonwealth of Pennsylvania, shall have died owning real estate in this Commonwealth, and by his last will and testament shall have empowered his executor or trustee to sell and convey his real estate, it shall be lawful for said executor or trustee, or his duly appointed successor, although not a resident in this Commonwealth, from and after the expiration of one year from the death of such decedent, to execute any power of sale contained in said last will and testament, and to sell and convey to the purchaser the whole or any part of such real estate located in this Commonwealth. Provided", etc.

The proviso requiring filing of the will and letters has been complied with.

Did the legislature which granted to foreign executors the right to execute powers of sale by delivering deeds to lands in this State intend to grant also the right to take possession of the lands under section 28(a) or does the attempt to bring the action fall foul of the provision against "intermeddling"? No precedent on the point has been cited to us and our researches have discovered none; yet we have no hesitation in declaring that as an incident to his right to "sell and convey" the lands, the foreign executor who complies with the statute may recover possession of the lands by ejectment.

The only alternative is to raise up an ancillary administrator to bring the action of ejectment and recover possession. He in turn would have to convey his rights to the foreign executor who might then proceed under the statutory power to convey. Sections 28(a) and 58(d) are parts of the same act disclosing a clear intention to put the foreign fiduciary who complies with the requirements of the act on a parity with the domiciliary executor. Hence any such circuitous course as the appointment of an ancillary fiduciary is unnecessary.

The conclusions which have been outlined above are decisive of the case. It remains only to point out a few matters. First, part of plaintiff's claim is for mesne profits. The right to recover these rents is a chose in action upon which plaintiff can proceed by virtue of section 58(c) of the Fiduciaries Act as amended (20 PS §995). Such a suit may be consolidated with an action of ejectment under Pa. R. C. P. 1055. Dormer Estate, 348 Pa. 356, cited by defendant to establish that one of two who have been named executors may not qualify and exercise a power of sale, has no application. The Dormer case involves an unlimited

power of distribution; in the present case testator expressly gave to a sole executor power to sell.

Even if defendant were right in his contention it is doubtful whether summary judgment for defendant should be granted without allowing plaintiff the right to amend. Plaintiff has sued as executor but he is also residuary legatee and devisee of a 2/24 share in trust and of an 11/24 share outright. Whether one of several tenants in common may maintain ejectment against a stranger for the entire estate is a debatable question: 14 Am. Jur. 161, §95. Certainly in Pennsylvania one tenant in common may maintain ejectment for his own interest: Schuldt v. Reading Trust Co. et al., 292 Pa. 327, 333. Furthermore, a trustee may maintain ejectment: Brolaskey v. McClain, 61 Pa. 146; McCormick et al. v. Provident Mutual Trust Co. et al., 249 Fed. 141; 3 Bogart on Trusts 68, par. 594. A cestui que trust may maintain ejectment: Peebles v. Reading, 8 S. & R. 484, 491; McCullough v. Staver, 119 Pa. 432. Where the relief sought is by ordinary demurrer, before summary judgment is entered against a plaintiff who has shown a meritorious cause of action although improperly declared, an amendment should be allowed: 4 Standard Pa. Practice, 83, §69; United Mercantile Agencies v. Slotsky et al., 107 Pa. Superior Ct. 467. Whether plaintiff should be allowed to amend need not now be decided because plaintiff is entitled to proceed without amendment.

Entertaining these views we make the following

*Order*

Now, November 26, 1948, defendant's preliminary objection is overruled, his petition questioning the jurisdiction of the court is refused and defendant is directed to answer on the merits within 10 days from the date of this order.