Haak Estate.

Argued April 11, 1949. Before RHODES, P. J., HIRT, RENO, DITHRICH, ARNOLD and FINE, JJ. (ROSS, J., absent.)

*John A. Spaeder,* with him *Marsh, Spaeder, Baur & Spaeder,* for appellant.

*Gerald A. McNelis,* with him *Franklin B. Hosbach* and *Thomas W. Spofford,* for appellees.

OPINION BY RHODES, P. J., July 15, 1949:

This appeal arises from the dismissal of exceptions by the Orphans' Court of Erie County to the order of distribution on the second and final account of the First National Bank of Erie, administrator d. b. n. c. t. a. of the estate of Lillie A. Haak, deceased; the appeal is from the final decree.

The question involved may be stated as follows: Where the last will and testament of a testatrix directs the sale of specific real estate and division of the proceeds derived therefrom to named legatees, do the rents accruing between the date of her death and the date of the sale belong to the legatees entitled to the proceeds of the real estate, or to the residuary legatee?

By the second paragraph of her will testatrix provided:

"Second: I hereby authorize, empower and direct my Executor hereinafter named as soon as convenient after my death to sell at the best price that may be secured therefor at public or private sale all those certain premises known as No. 910 West Tenth Street, Erie, Pa. and also all those premises known as No. 646 West Eleventh St. Erie, Pa. and upon sale thereof to make, execute and deliver to the purchaser thereof good and sufficient deeds for the conveying and to divide the net proceeds derived therefrom to the following organizations to wit: Knights of Pythias Lodge No. 327 of Erie, Pa., St. Barnabas Home located on Lake Road in North East Township, Erie County, Pa., and the Kingsley Methodist Esisp Episcopal Church of Erie, Pa., in equal shares."

The fifth paragraph of her will reads:

"Fifth: All the rest, residue and remainder of my estate, real, personal and mixed, and wheresoever situate, I give, devise and bequeath unto Mrs. Sarah M. Near of the City of Erie, Pa. absolutely and without reserve."

The testatrix, Lillie A. Haak, died July 24, 1939. Sarah M. Near was appointed executrix under testatrix' will, and was made the residuary legatee. Letters testamentary were granted to her. She was the exceptant to the order of distribution on the second and final account of the administrator d. b. n. c. t. a., and she is the appellant herein. Lillie A. Haak was an invalid, and her estate consisted principally of the unexpended portion of personalty and two pieces of real estate received by her under the will of her brother-in-law, Edward C. Haak, who died in 1932. Sarah M. Near had been administratrix c. t. a. of the estate of Edward C. Haak, deceased, and subsequently, under a power of attorney from Lillie A. Haak, had placed mortgages on the two properties aggregating $4,800. On March 27, 1941, at the instance of appellees, Sarah M. Near was removed as executrix under the last will and testament of Lillie A. Haak, deceased, and the First National Bank of Erie qualified as administrator d. b. n. c. t. a. An unsuccessful attempt was made in the Court of Common Pleas of Erie County to set aside the mortgages on the real estate of Lillie A. Haak on the ground that they were created by Sarah M. Near without proper authority. The administrator d. b. n. c. t. a. sold the two pieces of real estate in 1943 for $6,000 and $4,000, respectively, and the net principal was divided among the three named charities. At the audit of the second and final account, the question arose as to the distribution of the net rentals of $564.08 which accrued between the date of death of testatrix in 1939 and the time of sale in 1943. The court below awarded the net rents to the three charities.

The court in its opinion said: "The fairness and equity of this rule is apparent since otherwise a fiduciary who happens to be a residuary legatee could delay distribution indefinitely to the detriment of the specific

legatees and to her own intended profit, as was apparently done in the instant case."

Sarah M. Near has appealed from the final decree.

We think it is clear that, under the second paragraph of testatrix' will, the net rental income accruing between testatrix' death and the sale of the real estate was properly awarded to the legatees entitled to the proceeds of the real estate. Cf. *Sultner's Estate,* 59 Pa. D. & C. 109.

The positive direction to sell the realty worked an immediate conversion, under the will, of realty into personalty. *Brolasky v. Gally,* 51 Pa. 509; Mahoney *Estate,* 356 Pa. 358, 52 A. 2d 328; *Gatins Estate,* 159 Pa. Superior Ct. 563, 49 A. 2d 283. The gift of the proceeds of the sale of the realty to specifically named legatees constituted a specific legacy of the proceeds. *Torchiana's Estate,* 292 Pa. 470, 474, 141 A. 294; *Earle's Estate,* 331 Pa. 23, 26, 27, 199 A. 173; *Doud's Estate,* 145 Pa. Superior Ct. 73, 75, 20 A. 2d 913. A devise in fee simple of described real estate entitles the devisee to the rents accruing after the death of the testator, unless otherwise directed in the will. *Horn Estate,* 351 Pa. 131, 133, 40 A. 2d 471. Likewise, a specific legacy of certain personal property carries with it the income accruing subsequent to the death of the testator. These principles control the instant appeal.

We cannot accept appellant's view that, under this will, the term "net proceeds" necessarily or by implication excludes accrued rentals. Rather, the phrase "to divide the net proceeds derived therefrom" could be reasonably interpreted, in accordance with the general principles to which we have referred, to include the accruing rentals. The word "therefrom" could as logically refer to the real estate as to the sale.

It is not necessary to discuss appellees' argument as to the effect of the alleged right of reconversion.

The decree of the court below is affirmed, at appellant's cost.