## Riggio, Jr., et al. v. Riggio

*I. J. Katz*, for plaintiffs.
*I. Marks*, for defendant.

LEVINTHAL, J:, April 4, 1952. — This is a bill in partition of a parcel of real estate which is part of the estate of Philip Riggio, who died intestate on January 10, 1951. Prior to the filing of plaintiffs' bill, letters of administration were granted to Laura Riggio, widow of decedent and defendant in this proceeding. Mrs. Riggio has not yet presented her final account as administratrix for approval by the orphans' court, although an inventory and appraisement of the assets of the estate has been filed with that court. It appears from this inventory that decedent's personalty is not sufficient to pay the known debts of the estate or even the widow's exemption.

Defendant challenges the jurisdiction of this court to entertain partition proceedings where the property sought to be partitioned is thus in the process of administration in the orphans' court. The question thus raised is whether the Fiduciaries Acts of 1917 and 1949, particularly the latter, which invest the orphans' court with exclusive jurisdiction of the actual administration of decedents' estates, have the effect of ousting this court of jurisdiction of the present controversy.

It is recognized that the Orphans' Court Partition Act provides that the jurisdiction of that court of proceedings to partition decedents' real estate shall not be exclusive, but rather that it shall exist concurrently both in that court and in the court of common pleas: Act of June 7, 1917, P. L. 337, sec. 1, as amended; Act of June 24, 1939, P. L. 707, sec. 1, 20 PS §1181. It is to be noted also that there has been no express repeal or amendment of this legislation since passage of the Fiduciaries Act of April 18, 1949, P. L. 512. However, in view of certain changes wrought by the latter statute with respect to the scope of the powers of a personal representative in dealing with decedent's realty, we have deemed it necessary to extend our inquiry beyond a mere reading of the Orphans' Court Partition Act.

As long ago as 1867 our Supreme Court said:

"It is now the settled law, that the Orphans' Court has exclusive jurisdiction over all things pertaining to the settlement and distribution of estates. . . .":

Linsenbigler v. Gourley, 56 Pa. 166, 172 (1867). This principle has been affirmed and reaffirmed innumerable times: Stemple v. Carson, 366 Pa. 392 (1951) ; Thomas et al. v. Johnson, Trustee, et al., 356 Pa. 570 (1947) ; Slagle's Estate, 335 Pa. 552 (1939) ; Mauser et al. v. Mauser et al., 326 Pa. 257 (1937) ; Link's Estate (No. 1), 319 Pa. 513 (1935).

The above authorities make it clear that this court is without authority to entertain plaintiffs' request

for partition since what is sought is nothing more nor less than the "distribution" of one of the principal assets of the estate of plaintiffs' intestate.

"It is . . . clear that this is not the appropriate proceeding in which to distribute a decedent's estate. The estate having passed into the hands of the law for distribution, all claimants, whether as next of kin, creditors or otherwise, must apear at the audit of the account of the administrator. It is at the audit, and only then, after compliance with the provisions of the Fiduciaries Act . . . , that all interested parties are actually or constructively before the court": DiPaola Estate, 350 Pa. 408, 410 (1944).

While the DiPaola case concerned a citation upon the administrator of a decedent's estate to deliver to an alleged donee *causa mortis* intestate's personal property, whereas the subject matter of the instant litigation is real estate, we deem the distinction of no consequence. Under the provisions of the new Fiduciaries Act, which is here applicable, an intestate's real property is equally liable with his personalty to satisfy the claims of creditors of the estate: Act of 1949, secs. 501, 541. Notwithstanding that title continues, as before, to pass directly and immediately to intestate's heirs, it nevertheless passes "subject to all the powers of the personal representative including the power to possess and sell": The Pennsylvania Fiduciaries Act of 1949, 99 U. of Pa. Law Rev. 1164, 1175 (1951). Consequently, the holding of the DiPaolo case applies with equal force to this action to partition decedent's realty. See also the recent case of Walcott v. Boyle et al., 77 D. & C. 372 (1951), where the Common Pleas Court of Schuylkill County said, p. 375:

"Under the Act of 1949 real estate of a decedent is now taken into administration substantially to the same extent as personal estate."

Plaintiffs further contend that the cause should be permitted to proceed as a general equity bill for the purpose of adjudicating certain other claims asserted in the bill. These include demands for an accounting by defendant for the rental value of the premises during the period of defendant's exclusive occupation following decedent's death, and an accounting for damage to the property allegedly caused by defendant during this period. Whatever might be said generally concerning the jurisdiction of common pleas courts over actions against administrators to reduce to judgment the claims of ordinary creditors of decedents' estates, the particular jurisdictional issue raised by plaintiffs' claims against defendant in the latter's capacity as *heir* and not as *administrator* has been resolved squarely against them.

"It has been well established that if a beneficiary occupies real estate belonging to the decedent and the fair rental value is deductible from his share, the amount of his share is to be determined by the orphans' Court when the estate is before it for adjudication. . . . "; Gatins Estate, 159 Pa. Superior Ct. 563, 566 (1946).

Plaintiffs' claim based upon the rental value of the premises is thus disposed of expressly.

We are similarly without jurisdiction of the right of action asserted by plaintiffs growing out of defendant's alleged injury of the real estate. This is so notwithstanding that such a right might conceivably be based upon either of two theories. If the claim be regarded as premised on defendant's liability as heir of decedent, hence as coöwner of the property along with plaintiffs, then it is clear from the Gatins case that any decrease in the value of the premises attributable to the injury must be deducted from defendant's distributive share of the estate, when such share is computed in the appropriate orphans' court proceed-

ing. If, on the other hand, defendant's accountability be based upon a theory of fiduciary mismanagement of decedent's estate, it is even more fundamental that the proper tribunal for the adjudication of such claims is, again, the orphans' court and not common pleas.

Plaintiffs are not without a remedy as to any of the rights of action which they assert. The Orphans' Court Partition Act is still available to plaintiffs in the improbable event that adequate relief is not granted in the ordinary proceedings before that tribunal in the administration of the estate of parties' decedent.

Since this court is without authority to pass upon any of the claims presented by the instant suit, the preliminary objections are sustained and the bill is ordered dismissed.